Tagged Opinion

ORDERED in the Southern District of Florida on Dec 19, 2008



John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                          :
                                                :    Case No. 07-10749-BKC-JKO
**CONTINUUM CARE SERVICES, INC.,**              :
d/b/a **THE FAMILY,**                           :    Chapter 7
                                                :
        Debtor.                                 :
                                                :
_____         :

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS MATTER** comes before the court *sua sponte* upon Special Events Catering by Les, Inc.'s (the "Claimant") motion to reconsider my denial of its request for enlargement of time to file a claim in this bankruptcy case [DE 1099] and supplemental motion to reconsider the order sustaining the Liquidating Trustee's objection to the Claimant's claim #131 [DE 1107] (collectively the "Reconsideration Motions"). A hearing on the objection to claim was held on October 28, 2008, which

gave rise to the orders as to which the Claimant seeks reconsideration. Having reviewed the Liquidating Trustee's objection to the claim [DE 824], the Claimant's response to the objection to the claim and motion for enlargement of time to file claim (the "Response") [DE 895], and the Reconsideration Motions, it is evident that the Claimant offers no meritorious argument to support the relief sought. The attorney's failure to file timely a proof of claim which had been prepared in ample time does not excuse the late filing of that claim. Based on the extensive record in this case, I conclude that I had correctly ruled that equity favors the Debtor in striking the Claimant's late filed claim.

The Reconsideration Motions request relief under Rule 60 of the Federal Rules of Civil Procedure. I consider motions for reconsideration under the standards set forth in Fed.R.Civ.P. 59(e) – a motion "to alter or amend," made applicable under Bankruptcy Rule 9023, and under the Fed.R.Civ.P. 60(b) – "relief from judgment," made applicable under Bankruptcy Rule 9024; which rule applies depends on the timing of the filing of the motion. *See Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167 (5th Cir.1990), abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994) (*en banc*). Courts construe motions for reconsideration as motions to alter or amend judgment pursuant to Rule 59(e) if the motions are filed within ten days of the trial court's entry of judgment, and construe such motions as seeking relief from judgment pursuant to Rule 60(b) if the motions are filed more than ten days after the trial court's entry of judgment. *See Hatfield v. Board of County Commissioners*, 52 F.3d 858 (10th Cir.1995); *Mendenhall v. Goldsmith*, 59 F.3d 685 (7th Cir.1995); *Goodman v. Lee*, 988 F.2d 619 (5th Cir.1993). Accordingly, as the Reconsideration Motions

were filed within ten days of each one's respective court order[1], the Reconsideration Motions will be construed as motions to alter or amend judgment pursuant to Rule 59(e).

Reconsideration of an order under Rule 59(e) "is an extraordinary remedy to be employed sparingly." *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D.Fla.1994); *Taylor Woodrow Construction Corp. v. Sarasota/Manatee Airport Authority*, 814 F.Supp. 1072, 1073 (M.D.Fla.1993). "The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory...[or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *See Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir.2000) (*quoting In re Halko*, 203 B.R. 668, 671-672 (Bankr.N.D.Ill.1996)). Thus, the Movant may not use a Rule 59(e) motion to raise arguments available but not advanced in the papers. *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1120 (11th Cir. 1999) (citing *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir.1998)). Although Rule 59(e) does not delineate the available grounds for relief under that section, courts have generally granted relief to (1) account for an intervening change in controlling law, (2) consider newly available evidence, or (3) correct clear error or prevent manifest injustice. *Sussman*, 153 F.R.D. 689, 694; *Morris v. United States*, 1998 U.S. Dist. LEXIS 14046 (M.D.Fla.1998); *Firestone v. Firestone*, 76 F.3d 1205(D.C.Cir.1996).

A trial court's determination as to whether grounds exist for the granting of a Rule 59(e) motion is held to an "abuse of discretion" standard. *See American Home Assurance Co. v. Glenn Estess &*

---

[1] The order denying the extension of time to file a late claim [DE 1080] was entered on November 11, 2008, and the motion reconsidering this relief was filed on November 21, 2008. Similarly, the order sustaining the objection to the claim [DE 1101] was entered November 24, 2008, and the supplemental motion for reconsideration was filed on December 3, 2008.

*Associates*, 763 F.2d 1237, 1238-1239 (11th Cir.1985); *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983); *Weems v. McCloud*, 619 F.2d 1081, 1098 (5th Cir.1980). "[A]n abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or... [makes] findings of fact that are clearly erroneous." *See Mincey*, 206 F.3d at 1137 (*quoting Hatcher v. Miller* (*In re Red Carpet Corp.*), 902 F.2d 883, 890 (11th Cir.1990)).

The thrust of the Reconsideration Motions rests on an assertion that I made my determination based on information not offered into evidence and/or new legal theories not provided for in the papers submitted prior to my ruling at the October 28th hearing. *See* [DE 1099] *at* pgs. 1 & 2. Conclusory allegations as to the basis for my ruling do not satisfy the Rule 59(e) standard. At no point did my analysis go beyond that which was either in the record or based on my independent knowledge of the case – a highly unusual case which has been very complex and in many ways *sui generis,* and one which has required substantial extra court involvement. I have been immersed in this case for almost two years. The Reconsideration Motions present neither an intervening change in the controlling law as to the issues raised by this matter nor new evidence to support a different conclusion. Further, the Claimant has not provided any cogent argument to support the position that a "clear error" has occurred or that my analysis would constitute manifest injustice. Hence, the Reconsideration Motions will be denied. I nonetheless feel it both prudent and appropriate to elaborate on how I reached my decision to sustain the Liquidating Trustee's objection to the Claimant's claim.

As to the merits of the Claimant's argument, claim #131 filed by the Claimant was untimely. Under certain circumstances a court may allow a late filed claim pursuant to Federal Rule of Bankruptcy Procedure Rule 9006(b)(1), which states in relevant part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time

in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

F.R.B.P. Rule 9006(b)(1) (2008). The basis on which I could have allowed the enlargement of time to permit the Claimant to file its claim would have been if the Claimant had established that the claim was filed late as a result of "excusable neglect" under Rule 9006(b)(1) and the standards established in *Pioneer Investment Services Company v. Brunswick Associates*, 507 U.S. 380 (1993) and its progeny. In determining the existence of excusable neglect the United States Supreme Court noted in *Pioneer* that the test is "at bottom an equitable one, taking account of all relevant circumstances surrounding a party's omission." Id. *at* 395. The Supreme Court then offered four nonexclusive factors to which a court may look to for its excusable neglect analysis. These include: (i) prejudice to the Debtor; (ii) length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay, including whether the delay was beyond the reasonable control of the person whose duty it was to perform; and (iv) whether the Claimant acted in good faith. Id. No satisfactory showing of excusable neglect was made in the pleadings or at the October 28th hearing.

> My oral ruling at the October 28th hearing was as follows:
>
> The concern, of course, here is that somebody's ox is getting gored, and just so you understand, the reason why the bar date was shortened was that Louis Bombart . . . was putting up the money to pay all the claims in full, and so the parties need[ed] to know what the claims [were], and that's why the bar date was accelerated, because Mr. Bombart was going out of pocket to pay everybody, and, of course, he gets the money back . . . if the deposit he made was in excess of the allowed claims, so it either comes out of Mr. Bombart's pocket or it comes out of your client's pocket, and it's an either/or situation here, and so what I have to decide, I think, in this context is who was in a position to control the timely filing of a claim and who wasn't.

Transcript of 10/28/2008 Hearing [DE 1097] *at* pp. 15 & 16. I further held:

> This situation presents to either Mr. Louis Bombart or to Special Events Catering a harsh result. Mr. Bombart came in and offered to solve the problems of the case by funding a hundred cents

on the dollar the payment of all allowed claims if they were timely filed. He needed to know how much of a pot he was committed to fund. Notice was given of an earlier -- notice had previously been given of a bar date, but in the notice requiring filing proofs of claim, it went out on approximately April 30, 2007, a new bar date of June 8th was created, more than 30 days out. This is a situation in which the proof of claim itself was prepared and signed by the claimant on May 10, 2008, and notwithstanding the notice that had been received, approximately ten days earlier, the movant didn't file the proof of claim until two weeks after the bar date, which is well after Mr. Bombart needed to put up or shut up, as I recall, as to whether he was going to fund the plan, and given that there's prejudice in either direction and given that the control over the circumstances were well within the Claimant's control, then I conclude that the Pioneer standards of excusable neglect have not been satisfied here, and I will disallow the motion.

Transcript of 10/28/2008 Hearing [DE 1097] *at* pp. 21 & 22.

I reemphasize that this ruling was based solely upon my independent knowledge of the case and the circumstances surrounding the purchase of the business by Louis Bombart. I approved a plan in this case on July 10, 2008, well over three months prior to the hearing on the Liquidating Trustee's objection to the claim. *See* [DE 771]. Under the plan any remaining sale proceeds after the payment of all allowed claims revert back to Louis Bombart. *See* "The Consolidated Debtor's First Amended Plan of Reorganization Under Chapter 11 of the United States Bankruptcy Code" [DE 648] *at* Article 5, clause 5.7. There is nothing complicated or mysterious about the nature of this transaction. Louis Bombart provided the funds to pay off the Debtor's creditors.[2] Contemplated in the deal was a shortened bar date so Louis Bombart would know the true financial landscape and the liabilities he would be funding. As the record demonstrates, the Claimant and its counsel had notice of the new bar date and for whatever reason a claim was not timely filed.[3] The late filing of the claim was in the

---

[2]Louis Bombart is the father of Allan Bombart, the Debtor's principal, and serves as his son's guardian pursuant to orders entered after the commencement of this bankruptcy case by the Circuit Court for Miami-Dade County.

[3]The circumstances suggest that the Claimant is not without remedy, albeit one not available in these bankruptcy proceedings.

complete control of the Claimant and its counsel and after weighing the equities I held that they favor Louis Bombart in this situation.

The Claimant cites to *In re Pappalardo,* 210 B.R. 634, 645 (Bankr. S.D. Fla. 1997) for the proposition that prejudice to a Claimant is not a relevant factor under *Pioneer. See also Greyhound Lines, Inc. v. Rogers* (*In re Eagle Bus Mfg.*), 62 F.3d 730, 737-39 (5th Cir. 1995). To the extent that *Pappalardo* holds that the *Pioneer* analysis prohibits a court from taking into consideration the prejudice caused to parties other than a debtor, I respectfully disagree with that conclusion. Inherent in any equitable test is the ability of the court to evaluate all equitable interests when positing a equitable remedy, even those interests that would be harmed only remotely. To suggest that *Pioneer* prevents me from entertaining all equitable considerations, including the effect on interested parties such as general creditors and Louis Bombart, is an erroneously narrow reading of the case. Under certain circumstances, including those present here, one must examine the prejudice upon parties other than the debtor under the inherently flexible equitable requirements of *Pioneer*. In this case a third party stepped in to provide sufficient funds to pay off what appeared on the record to be all claims. In consideration of this deal, Louis Bombart as purchaser took a contingent interest in any remaining proceeds. Mr. Bombart necessarily wished to know, before he committed to the deal, what those claims would actually total. Based on the circumstances of this case and the nature of the deal entered into between the Debtor and Louis Bombart, I find that my ruling excluding the Claimant's claim correctly balanced the equities in the case and is in compliance with the mandate of *Pioneer*.

The Claimant appears to suggest that I should allow the claim regardless of its failure to file a timely claim based on 11 U.S.C. § 502(j) which provides in relevant part that:

> A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case. Reconsideration of

a claim under this subsection does not affect the validity of any payment or transfer from the estate made to a holder of an allowed claim on account of such allowed claim that is not reconsidered, but if a reconsidered claim is allowed and is of the same class as such holder's claim, such holder may not receive any additional payment or transfer from the estate on account of such holder's allowed claim until the holder of such reconsidered and allowed claim receives payment on account of such claim proportionate in value to that already received by such other holder.

Based on the rational discussed above, I find that there is no just cause to support an allowance of this claim.

Accordingly, it is **ORDERED** that:

1. The Reconsideration Motions are **DENIED**.

2. To the extent the Claimant is requesting that I now allow the claim pursuant to 11 U.S.C. § 502(j), I follow my previous reasoning sustaining the Liquidating Trustee's objection to the Claimant's claim. Claim #131 has been disallowed and will remain so.

### # # #

Copies furnished to:

Richard C Prosser, Esq.
110 E. Madison St #200
Tampa, FL 33602

Saralyn Nemser, Esq.
17971 Biscayne Blvd. #214
Aventura, FL 33160

Office of the U.S. Trustee

Attorney Prosser is directed to serve a conformed copy of this order on all interested parties not listed above.